No. 11,027
Orleans

## STATE EX REL. IMPASTATO v. CITY OF NEW ORLEANS

(October 31, 1927. Opinion and Decree.)
(November 14, 1927. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Mortgages—Par. 38, 43; Registry—Par. 11.**
The inscription of a paving bill in the mortgage records must be cancelled when the paving bill was recorded incorrectly and the present owner acquired the property on the faith of clean mortgage and city tax certificates.

Appeal from Civil District Court, Division "A". Hon. H. C. Cage, Judge.

Action by State ex rel. Pietro Impastato against City of New Orleans.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Theo. Cotonio, of New Orleans, attorney for plaintiff, appellee.

H. B. Curtis, of New Orleans, attorney for defendant, appellant.

JONES, J. This is a suit to cancel certain charges for paving, claimed to be due by relator's property and to compel the City of New Orleans to accept fifty-six and 10-100 ($56.10) dollars in full satisfaction of all city taxes due on relator's property.

The answer is a denial on information and belief, combined with a plea of estoppel on the ground that relator knew of the paving charge when he bought the property.

There was judgment for relator and defendant has appealed.

The evidence shows Walter P. Connolle was the owner of a piece of property on Chartres street in this city, and on May 18, 1925, sold same to relator. Some time before the sale Chartres street was paved and the bills were recorded prior to relator's acquisition. The engineering department of the City of New Orleans in making up the statements of assessment in accordance with Section 48 of the city charter (Act 59 of 1912, as amended by Act 105 of 1921) spelled the owner's name Walter P. Connell, and under this name the bills were recorded by the commissioner of public finances in the Mortgage Office.

When plaintiff's notary applied for a certificate in May, 1925, in the name of Walter P. Connolle, the inscription against Walter P. Connell was not shown thereon and the paving charge did not appear on the city tax certificate issued by the city at the time of relator's acquisiiton.

The first of the ten paving installments had been paid in 1924 by Walter P. Connolle, then owner. In September, 1925, after his acquisition, relator paid the city taxes for that year, and at the same time paid the second paving installment.

As relator bought the property on clean mortgage and city tax certificates, his good faith must be presumed, and there is nothing in this record to rebut such a presumption.

As the assessment roll of the city for the years 1924 and 1925 shows the property on the records as belonging to Walter P. Connolle, it was the error of the city in spelling the name, Walter P. Connell, which has caused this law suit. It was not the duty of the recorder of mortgages to report a mortgage in the name of "Connell" on a certificate in the name of "Connolle".

The cost of paving is due upon completion of the paving and bears interest from the day the paving certificates are sold by the city. As the city had in its records a claim for paving against this property, and as these bills for paving are treated as taxes and are included in the tax bills of property owners, there should have been some showing of this claim on the city tax certificate.

As Section 19 of Article XIX of the Constitution of Louisiana adopted in 1921 provides that no mortgage shall affect third persons, unless recorded in the parish where the property is situated, and as

this mortgage was not recorded, we agree with the lower judge in concluding that the mandamus should be made peremptory.

The same conclusion was reached by the presiding judge of this court in Faia vs. City of New Orleans, No. 9375 of this court, 104,719 of the First City Court.

The able attorney for the city argues that we should apply the doctrine of "idem Sonans", because "Connolle" sounds like "Connell", but even if we admit that the names might be pronouncel alike, a contingency by no means certain, we fail to see how the doctrine can be applied where all the names were written.

For above reasons the judgment is affirmed.

———

## ON APPLICATION FOR REHEARING

JONES, J. Defendant in its petition for rehearing in this case argues that the following language used in the opinion declared all paving assessments taxes:

"As the city had in its records a claim for paving against this property, and as these bills for paving are treated as taxes and are included in the tax bills of property owners, there should have been some showing of this claim on the city tax certificate."

It cites several decisions of the Supreme Court and other authorities to the effect that "Paving Assessments" are not always included in "Taxes".

Defendant construes this statement far too broadly. We did not mean to say that all paving assessments were taxes and therefore must always be placed on city tax certificates, because there is no statute imposing any such duty on the city. We meant that the city might in this particular case have given notice to pur-

chasers by showing this paving charge on the tax certificate, although the paving bill had been recorded incorrectly.

With this explanation, rehearing is refused.